**United States District Court**
**Eastern District of Michigan**
**Southern Division**


United States of America,                                  Criminal No. 25-mj-30313

                    Plaintiff,

v.

Ammar Abdulmajid-Mohamed Said,

                    Defendant.

_____/


**STIPULATED PROTECTIVE ORDER**

Defendant Ammar Abdulmajid-Mohamed Said has requested discovery in this case. The United States of America anticipates that some of the documents and other information it will disclose in discovery to the defendant may contain sensitive information. Because disclosure of these documents is necessary in order to allow the defendant to prepare his defense, such disclosure is being permitted solely subject to the procedures set forth below.

## PROTECTIVE ORDER GOVERNING DISCOVERY

WHEREAS, the government will provide materials to the defendant in the course of the discovery process in this case (hereafter "Discovery Materials"), which may include, but is not limited to, copies of recordings made by witnesses, interviews, reports, photographs, writings, or other materials related to the underlying investigation of this case;

AND WHEREAS, the parties agree that the government has a compelling interest in preventing the Discovery Materials[1] from being disclosed to anyone not a party to the court proceedings in this matter, as such material may include information relevant to ongoing national security investigations and prosecutions, and such materials may implicate the privacy interests of the defendant and third parties;

AND WHEREAS, the parties agree that the Discovery Materials include certain "Sensitive Information," which includes, among other types of information, national security information as well as any actual or cover name, identifier, or online account name used by Federal Bureau of Investigation ("FBI") undercover personnel such as any FBI Confidential Human Source ("CHS"), Undercover Employee ("UCE"), or Online Covert Employee ("OCE"), and any other

---

[1] Should there be any classified discovery; those materials will be the subject of a separate protective order.

2

descriptors, photographs, or video/audio recordings that could lead to the identity of a CHS, UCE, or OCE;

AND WHEREAS, the parties further agree that the Court has the power under Fed. R. Crim. P. 16(d)(1), 49.1(e), and 26.2 to grant appropriate relief to the parties where required in the interests of justice;

IT IS ORDERED that:

1.      Except as provided below, Discovery Materials shall not be further disseminated[2] by the defendant or his counsel to any individuals, organizations or other entities, other than: (i) members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant, and secretarial staff) and (ii) experts retained to assist in the preparation of the defense or determine if a plea of guilty is appropriate.

2.      No Discovery Material shall be disseminated to any member of the defense team, as defined above, expert witness retained by the defense team, or any duly authorized witness unless that person shall first have signed the Acknowledgment in the form attached hereto as Appendix A, agreeing to comply with the terms of this Order.  Except as set

---

[2] "Disseminated" means to provide, show or describe to another either a particular piece of discovery or quotations, excerpts, or summaries derived therefrom.

forth in Paragraph 4 below regarding *ex parte* sealed filings with respect to defense experts, the signed Acknowledgment shall be filed with the Court under seal. The substitution, departure, or removal for any reason from this case of counsel for the defendant, or anyone associated with the defense team shall not release that person from the provisions of this Order or the Acknowledgement executed in connection with this Order.

3.    Defense counsel shall advise any person to whom the discovery materials are disclosed in accordance with this Order that further disclosure or dissemination is prohibited without defense counsel's express consent.

4.    Notice of proposed dissemination to defense experts shall be provided to the Court *ex parte* and under seal.  Each of the individuals to whom disclosure is made pursuant to the above provision shall be provided a copy of this protective order and will be advised that he or she shall not further disseminate the materials except by the express direction of counsel of record or co-counsel.

5.    Discovery Material designated "Sensitive Information" pursuant to Paragraph 8 below shall not be maintained by the defendant, nor be in the sole physical custody of the defendant, nor shall the defendant be

permitted to make notes of the content of said materials and keep such notes with him or disseminate such notes or the contents thereof to anyone other than his attorney or members of his attorney's staff.

6. Defense counsel shall store all Discovery Materials, and any copies thereof, in a secure place at all times.

7. The Discovery Materials in this case are now and will forever remain the property of the United States Government.  At the conclusion of this case, all Discovery Materials shall be destroyed or maintained under secure conditions by defense counsel.  Upon written request of the government, all Discovery Materials shall be returned to the government.

8. As set forth above, certain national security information, as well as the actual or cover names, identifiers, online account names, and any other descriptors of FBI undercover personnel such as any CHS, UCE, or OCE, or photographs or video/audio recordings that could lead to the identity of a CHS, UCE, or OCE are considered "Sensitive Information."  Such Sensitive Information should be designated and labelled as such by the government but remains Sensitive Information regardless of such labelling.  To designate and label such Sensitive Information, the government shall use the following designation, on

the material itself, in an accompanying cover letter, or on a diskette

cover or label: "SENSITIVE INFORMATION."  The failure to

designate any materials as Sensitive Information as provided in this

Order shall not constitute a waiver of a party's assertion that the

materials are covered by this paragraph.  In addition to the protections

listed above applying to all Discovery Materials, further protections

specifically apply to Sensitive Information, namely:

a.  The parties will not publicly disclose any Sensitive Information,
    including national security information and the actual or cover
    name, identifier, or online account name of any CHS, UCE, or OCE
    or any other information that could lead to the identity of a CHS,
    UCE, or OCE, including photographs, video/audio recordings, in
    any pretrial filing or at any pretrial hearing in open court.  The Clerk
    shall accept for filing under seal any documents or filings so marked
    by the parties pursuant to this paragraph the Order.

b.  The parties will not disseminate any Sensitive Information,
    including national security information and information about a
    CHS, UCE, or OCE except to (a) members of the defense team; and
    (b) experts or outside investigators retained to assist in the
    preparation of the defense. The procedures set forth above, in

6

paragraphs 1-5, for obtaining authorization to share Discovery

Materials with the defendant and non-defense team members, i.e.,

experts or outside investigators, apply as well to Sensitive

Information.  Defense counsel must seek and obtain *ex parte* Court

authorization for such disclosure and the recipient must sign the

Acknowledgement (Appendix A) of his or her obligation to comply

with the Order.

c.  No one other than the defense counsel may maintain Sensitive

Information.

d.  Sensitive Information will be used solely for the purpose of allowing

the defense team to prepare the defendant's case and for no other

purpose.

e.  All recordings and/or documents in which a CHS and/or UCE and/or

OCE can be seen, heard, or is discussed in terms that could lead to

the disclosure of the actual or cover name, identifier, or online

account name of any CHS, UCE, or OCE, may be copied or

reproduced ONLY for use by members of the defense team,

excluding the defendant as set forth above, and non-defense team

members authorized to be in receipt of such information, and may

only be provided to further the investigation and preparation of this case.

f.  All Sensitive Information that consists of recordings and/or documents—including any copies or reproductions thereof—in which a CHS and/or UCE and/or OCE can be seen or heard, or is discussed in terms that could lead to the disclosure of the actual or cover name, identifier, or online account name of any CHS, UCE, or OCE must be maintained at the office of defense counsel, and removed from such offices only by members of the defense team, but excluding the defendant.  No one other than the defense counsel may maintain such recordings and/or documents, as described above.  Unpixilated/unmodulated versions of video/audio recordings containing the image or voice of a CHS and/or UCE and/or OCE will be maintained in a classified evidence area within an FBI space, or a similar appropriate space, and may be viewed by defense counsel in that space after coordinating with the FBI.

g.  The government will request to delete the true name of any CHS, UCE, or OCE from discovery.  The government may also request to delete the cover name and/or online account name of any

8

CHS/UCE/OCE from discovery if such deletion is necessary to protect the identity and security of the CHS/UCE/OCE.

9.   Within 90 days of any final judgment in this case by the later of: i) the sentencing of the defendant, ii) the defendant's appeal, if any, or iii) dismissal of the indictment with or without prejudice; or within 90 days of the termination of a particular defense counsel's representation, the defendant and defendant's counsel shall return to the government all Discovery Materials (including any copies thereof), or shall destroy them and certify in writing to counsel for the government that such materials have been destroyed. Furthermore, defense counsel may maintain work product containing Sensitive Information subject to the protections of this Order for a period of ten years following the entry of final judgment and must thereafter destroy any and all such work product.

10.  This Order does not prevent any party from objecting to discovery that it believes to be otherwise improper. Further, this Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute a ruling on any potential objection to the discoverability or admissibility of any material.

11.     Should any Discovery Materials be improperly disclosed by a member of the defense team or a non-defense team member authorized to be in receipt of the Sensitive Information, then defense counsel shall use his or her best efforts to obtain the return of any such Discovery Materials and to bind the recipient of Discovery Materials to the terms of this Order and shall, within ten business days of the discovery of such disclosure, inform the Court and the government of the unauthorized disclosure and identify the circumstances thereof.

12.     Nothing in this Order shall preclude the government or the defendant from seeking a further protective order pursuant to Rule 16(d) as to particular Discovery Materials.  This Order is entered without prejudice to either party's right to seek a revision of the Order by appropriate motion to the Court.

13.     This Order shall survive the termination of this criminal case and shall continue in full force and effect thereafter.

14.     Persons subject to this Stipulated Protective Order are advised that any breach of this Order may result in the termination of their access to Discovery Material and may subject them to contempt of Court.

IT IS FURTHER ORDERED that any papers filed by the government pursuant to the Classified Information Procedures Act (CIPA), 18 U.S.C. § App. III,

10

containing classified information shall be filed under seal and *ex parte* with the

Court through the Classified Information Security Officer or a designee of his

choosing who possesses the necessary security clearance and shall be governed by

the provisions of CIPA and not the terms of this order.

It is so stipulated and agreed by the undersigned parties:

/s/ Douglas C. Salzenstein
DOUGLAS C. SALZENSTEIN.
Assistant United States Attorney

/s/ Michael Carter (w/consent)
MICHAEL CARTER
Attorney for Defendant

/s/ Elizabeth Young (w/consent)
ELIZABETH YOUNG
Attorney for Defendant

**SO ORDERED.**

May 29, 2025.

        HON. DAVID R. GRAND
        UNITED STATES MAGISTRATE JUDGE
        May 29, 2025

Appendix A

## **ACKNOWLEDGMENT**

The undersigned hereby acknowledges that he (she) has read the Protective

Order entered in the United States District Court for the Eastern District of

Michigan in the case captioned *United States v. Ammar* Abdulmajid-Mohamed

Said, Case Number, 25-30313, understands its terms, and agrees to be bound by

each of those terms.  Specifically, and without limitation, the undersigned agrees

not to use or disclose any documents or information made available to him or her

other than in strict compliance with the Order.  The undersigned acknowledges that

his or her duties under the Order shall survive the termination of this case and are

permanently binding, and that failure to comply with the terms of the Order may

result in the imposition of sanctions by the Court.


DATED: _____          BY:

                                                       _____
                                                       (type or print name)



                                                       SIGNED:


                                                       _____


12